UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID KOLE, on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § § | CIVIL ACTION NO. : JURY TRIAL DEMANDED |
| CLEVELAND INTEGRITY SERVICES, INC., | § § § § | |
| Defendant. | | |

PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION & JURY DEMAND

1. Defendant Cleveland Integrity Services, Inc. ("Defendant") required David Kole ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members**."

1

3. Just as Defendant's non-payment of overtime violates the FLSA, so too does it violate the laws of Ohio. Defendant's failure to pay overtime violates the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code ("O.R.C.") § 4111.01, *et seq.* Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other employees who worked more than forty hours in a work week and were paid a day rate as inspectors or in substantially similar positions for Defendant in Ohio. Members of the Rule 23 Class Action are hereinafter referred to as "**Ohio Class Members**."

### I.  SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

6. Venue is proper in this District because Defendant does a sizeable portion of its business in this District, and many of the wrongs herein alleged occurred in this District.

### II.  PARTIES AND PERSONAL JURISDICTION

7. Plaintiff David Kole is an individual residing in Clare County, Michigan. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

8. The **FLSA Collective Class Members** are all current and former inspectors, and all employees in substantially similar positions and/or with similar job titles, that worked for Defendant throughout the United States at any time during the three-year period before the filing of this Complaint to present that were paid on a day rate.

9. The **Ohio Class Members** are all current and former day rate paid inspectors and all employees in substantially similar positions and/or with similar job titles who worked for Defendant in Ohio at any time during the three-year period before the filing of this Complaint to present.

10. Defendant Cleveland Integrity Services, Inc. is a corporation organized under the laws of Oklahoma. Defendant may be served process through its registered agent National Registered Agents, Inc. of OK, 1833 S. Morgan Rd. Oklahoma City, OK 73128.

11. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privileges of conducting activities in the state of Ohio and established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12. Defendant had and continues to have continuous and systematic contacts with the state of Ohio sufficient to establish general jurisdiction over it.  Specifically, Defendant conducts and/or conducted business in Ohio.

13. Defendant does extensive business in this District.

14. Defendant hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Defendant comports with due process.

15. Plaintiff and class members performed work in this judicial district, were paid unlawfully by Defendant pursuant to work performed in this district and/or were hired out of this district.

16. This cause of action arose from or relates to the contacts of Defendant with Ohio residents, thereby conferring specific jurisdiction over Defendant.

### III. COVERAGE

17. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all material times, Defendant has been an employer within the meaning of the OMFWSA. O.R.C. § 4111.03(D)(2)

19. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

21. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

22. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

23. At all material times, Plaintiff and the Ohio Class Members were employees of Defendant with the meaning of the OMFWSA. O.R.C. § 4111.03(D)(3).

### IV. FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

24. Defendant Cleveland Integrity Service, Inc., offers its clients a range of services to assist in the construction and implementation of pipeline, refinery, power plants, and mechanical integrity projects. The scope of these services ranges from planning, estimating, surveying, development, management, inspection, startup and commissioning.

25. Defendant is a staffing company.

26. Defendant staffs inspectors to various projects.

27. Plaintiff worked for Defendant under the job titles of Utility Inspector, Safety Inspector, and Quality Assurance Auditor.

28. Regardless of Defendant's job titles, Plaintiff performed inspection work for Defendant.

29. Plaintiff was an inspector while working for Defendant and as such he is identified as an "inspector" throughout this Complaint as are the FLSA Collective Class Members and the Ohio Class Members.

30. Plaintiff worked for Defendant from approximately May of 2016 to November of 2016 and again from May of 2017 to October of 2017.

31. Defendant classified Plaintiff as an employee.

32. Defendant paid Plaintiff a day rate.

33. As an inspector, Plaintiff was responsible for observing the completion of pipeline installation by Defendant's customers to ensure that such work conformed to industry safety standards.

34. For his labor, Defendant paid Plaintiff a day rate but did not pay him overtime for his hours in excess of forty per week. In other words, Defendant misclassified Plaintiff as exempt.

35. Plaintiff is a non-exempt employee.

36. Defendant paid hundreds of other inspectors classified as employees throughout the United States on the same day rate compensation system as Plaintiff.

37. Defendant has the following offices:

    a. 370690 East Old Hwy 64, Cleveland, OK 74020.

    b. 7302 Northland Dr., Stanwood, MI 49346.

    c. 2500 City West Blvd. Ste. 300, Houston, TX 77042.

    d. 207 Flatiron Dr., Buffalo, WY 82834.

38. In the last three years, Defendant has employed day rate paid inspectors in the following nonexclusive list of states:

    a. Texas;

    b. Ohio;

    c. Colorado;

    d. Michigan;

    e. Wyoming;

    f. Oklahoma;

    g. Kansas;

    h. Missouri;

    i. Wisconsin;

    j. West Virginia;

    k. Pennsylvania; and

    l. Illinois.

39. Plaintiff and other inspectors commonly work in excess of 12 hours each day.

40. Inspectors usually work five to seven days each week, for a schedule that equates into workweeks well exceeding 40 hours.

41. Plaintiff typically worked five to seven days a week at twelve to fifteen hours per day.

42. However, despite working overtime hours, Defendant does not pay its inspectors overtime because it pays the same flat day rate regardless on the number of hours worked.

43. No exemption in the FLSA shelters Defendant from paying overtime to its inspectors.

44. Inspectors like Plaintiff are not guaranteed a set number of days to work per week.

45. Inspectors like Plaintiff are not guaranteed a set weekly payment.

46. Inspectors are paid on a day rate basis, not on a salary basis.

47. Plaintiff was paid on a day rate basis, not on a salary basis.

7

48. If an inspector did not work on any given day, such as because of an illness, the lack of available work, weather, or a company closure, that inspector would not be paid for that day's work.

49. Plaintiff was not paid time-and-a-half for all hours worked over forty in a given workweek.

50. Plaintiff worked overtime as defined in the FLSA.

51. Other inspectors employed by Defendant worked overtime as defined in the FLSA.

52. Because inspectors are on a day rate, the executive, administrative, or professional exemptions cannot apply. *See* 29 C.F.R. §§ 541.100, 541.200, 541.300.

53. Inspectors do not supervise other employees or manage a customarily recognized department of Defendant's company.

54. Inspectors have no authority to hire or fire other employees.

55. Inspectors are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

56. Inspectors also perform extensive physical labor to perform their work, including working outdoors for hours on end, wearing protective clothing, and walking miles a day.

57. Plaintiff and Class Members are all blue-collar workers who are primarily engaged in manual labor duties.

58. Plaintiff's work required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes. *See* 29 C.F.R. §

8

541.203(g). Plaintiff observed other inspectors utilizing similar techniques and procedures in the performance of their jobs.

59. The primary duty of a inspectors does not require independent judgment or discretion. Instead, inspectors are required to carry out their work according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

60. The FLSA's regulations provide that inspection work is non-exempt work:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

61. Plaintiff worked within the closely prescribed limits provided by CIS. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other inspectors working in the same or substantially similar manner.

62. Inspectors are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

63. Despite these facts, Defendant misclassified its inspectors as exempt from overtime pay.

64. As a result of Defendant's pay policies, Plaintiff and other inspectors were denied overtime pay.

9

65. Defendant has previously been sued for violations of the FLSA and failing to pay overtime to its day rate paid inspectors.

66. Defendant knew, or showed reckless disregard for whether Plaintiff and the other inspectors were entitled to overtime pay under the law.

67. During the entire relevant time period, Defendant was aware that members of the Class were not properly compensated under the FLSA, because inspector's timesheets clearly showed that inspectors worked more than forty hours per week (pursuant to the number of days and the scheduled shifts per day) but were not receiving overtime.

68. Defendant failed to track, monitor, or record the actual number of hours per day that inspectors worked as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

69. Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs. Accordingly, Defendant's violations of the FLSA were willful. Defendant's conduct was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

### V. COUNT ONE: VIOLATION OF 29 U.S.C. § 207

70. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

71. Defendant's practice of failing to pay Plaintiff and FLSA Collective Class Members time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

72.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Collective Class Members.

## VI.     COLLECTIVE ACTION ALLEGATIONS

73.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

74.     Plaintiff has actual knowledge that FLSA Collective Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

75.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally knows of other inspectors under the same compensation structure at multiple job sites for Defendant.

76.     Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

77.     Although Defendant permitted and/or required FLSA Collective Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

78.     Defendant misclassified and continues to misclassify FLSA Collective Class Members as exempt employees.

79. FLSA Collective Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

80. Plaintiff had the same job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

81. FLSA Collective Class Members are not exempt from receiving overtime pay under the FLSA.

82. As such, FLSA Collective Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

83. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Collective Class Member.

84. Defendant employed at least 100 other inspectors within the last 3 years who were paid on a day rate.

85. Defendant employed at least 200 other inspectors within the last 3 years who were paid on a day rate.

86. Defendant employed at least 400 other inspectors with the same job title as Plaintiff who were not paid overtime.

87. Defendant employed at least 500 other inspectors with the same job title as Plaintiff who worked overtime for at least one week during their employment with

Defendant and were not paid one and one-half times their regular rate of pay for all overtime hours worked.

88. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Collective Class Members.

89. The specific job titles or precise job responsibilities of each FLSA Collective Class Member does not prevent collective treatment.

90. All FLSA Collective Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

91. Although the exact amount of damages may vary among the FLSA Collective Class Members, the damages for the FLSA Collective Class Members can be easily calculated by a simple formula. The claims of all FLSA Collective Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Collective Class Members.

92. As such, the class of similarly situated plaintiffs for the **FLSA Collective Class** is properly defined as follows:

> All current and former inspectors, and all employees in substantially similar positions and/or with similar job titles, that worked for Defendant throughout the United States at any time during the three-year period before the filing of this Complaint to present that were paid on a day rate.

93. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records, as well as the records of any payroll companies that Defendant utilizes. Defendant employs many FLSA Collective

13

Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail, text message, email, and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

### VII. COUNT TWO: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, et seq.

94. Plaintiff incorporate by reference the allegations in the preceding paragraphs.

95. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the OMFWSA. At all relevant times, Defendant has employed and continues to employ, "employees," including the Ohio Class Members and Plaintiff, within the meaning the OMFWSA.

96. The OMFWSA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. O.R.C. § 4111.03.

97. In denying compensation at the requisite Ohio overtime rate, Defendant violated the OMFWSA.

98. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Ohio Class Members have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Ohio Class Members are entitled to liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

99. Having violated the OMFWSA, Defendant is liable to Plaintiff and Ohio Class Members pursuant to O.R.C. § 4111.10 for the full amount of their unpaid overtime

and for costs and reasonable attorneys' fees. Additionally, Defendant is liable to Plaintiff and Ohio Class Members for an amount equal to twice their unpaid wages. O.R.C. § 4111.14(J).

## VIII. RULE 23 CLASS ACTION ALLEGATIONS

100. Plaintiff incorporate by reference the allegations in the preceding paragraphs.

101. Plaintiff brings his overtime claims arising under the OMFWSA as a Rule 23 class action on behalf of the following class:

> **Ohio Class:** are all current and former day rate paid inspectors and all employees in substantially similar positions and/or with similar job titles who worked for Defendant in Ohio at any time during the three-year period before the filing of this Complaint to present.

102. Plaintiff believes there are more than 50 individuals that fit into the class.

103. Defendant's employ more than 100 inspectors in Ohio.

104. Defendant's employ more than 100 workers with the same job title as Plaintiff.

105. The members of the classes are so numerous that their individual joinder is impractical.

106. The identity of the members of the Ohio Class is readily discernible from Defendant's records.

107. Plaintiff and the proposed Ohio Class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

108. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

> a) Whether Plaintiff and the Ohio Class Members worked hours in excess of forty per work week;
>
> b) Whether Plaintiff and the Ohio Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as proscribed by Ohio law;
>
> c) Whether Defendant failed to properly classify Plaintiff and Ohio Class Members as exempt under Ohio law; and
>
> d) The calculation of damages.

109. These and other common questions of law and fact, which are common to the members of the classes, predominate over any individual questions affecting only individual members of the class.

110. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Ohio law and because Defendant classified him as exempt from overtime, just as was done with respect to the Ohio Class Members.

111. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiff and his counsel.

112. The class action applying Ohio state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

113. The operative question in this case is whether the workers in question are exempt from overtime wages.

## IX. DAMAGES SOUGHT

114. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

115. Plaintiff and the Ohio Class Members are entitled to recover their unpaid overtime compensation. O.R.C. § 4111.10.

116. Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

117. Plaintiff and the Ohio Class Members are entitled to an amount equal to twice their unpaid wages as liquidated damages. O.R.C. § 4114.14(J).

118. Plaintiff and the FLSA Class Members are entitled to recover attorney's fees and costs. 29 U.S.C. § 216(b).

119. Plaintiff and the Ohio Class Members are entitled to recover attorney's fees and costs. O.R.C. § 4111.10.

## X. JURY DEMAND

120. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

121. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Collective Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all inspectors and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. An order certifying this matter under Fed. R. Civ. P. 23 as a class action for Ohio wage and hour law violations pursuant to OMFWSA;

   c. A judgment against Defendant awarding Plaintiff and the FLSA Collective Class Members, and Ohio Class Members Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   d. A judgment against Defendant for Liquidated damages in an amount equal to unpaid overtime as allowed under the FLSA and twice the amount of their unpaid overtime for all work performed in Ohio;

   e. An order awarding attorneys' fees and costs as provided by the FLSA and OMFWSA; and

   f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

_____
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Road, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Local Counsel For Plaintiff David Kole and Class Members*


*/s/ Beatriz Sosa-Morris*
Beatriz Sosa-Morris (pending *pro hac vice* admission)
Texas State Bar No. 24076154
John Neuman (pending *pro hac vice* admission)
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813
Email: BSosaMorris@smnlawfirm.com
JNeuman@smnlawfirm.com

*Attorneys for Plaintiff and Class Members*